UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANDY A. JONES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:16CV01911 ERW |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on Randy A. Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1].

### I. BACKGROUND

On June 10, 2015, Petitioner Randy A. Jones ("Petitioner") was indicted for conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, knowingly and intentionally possessing with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), and conspiracy to launder money in violation of 18 U.S.C. 1956.[1] On January 7, 2016, Petitioner pled guilty to all three counts. On April 15, 2016, Petitioner was sentenced to 96-months imprisonment, and a four-year term of supervised release. Petitioner filed the current motion on December 8, 2016, asserting his conviction should be set aside, because his counsel was ineffective and there was prosecutorial misconduct.

### II. STANDARD

---

[1] See Criminal Case *United States v. Randy A. Jones*, No. 4:15CR273 ERW. CD ECF will indicate citations to the criminal case docket in this matter.

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a petitioner's attorney may serve as counsel for both the trial and

appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

To excuse procedural default, however, a petitioner, raising a constitutional claim for the first time in a § 2255 proceeding, still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. DISCUSSION

Petitioner asserts eight grounds for why his conviction should be vacated. Petitioner alleges six grounds of ineffective assistance of counsel: (1) failure to object to the Government's use of a cell-site simulator prior to receiving a warrant, an illegal search in violation of the Fourth Amendment; (2) failure to object to false and misleading statements made by the Assistant United States Attorney; (3) failure to object to the Government's failure to disclose a

direct statutory sentencing consequence; (4) failure to object to the Court's references to the sentencing guidelines; (5) failure to object to the aggravating role enhancement under the sentencing guidelines; and (6) failure to object to the obvious sentencing disparity. Petitioner also asserted two instances of alleged prosecutorial misconduct: (1) the Assistant United States Attorney knowingly made false and misleading statements in response to Petitioner's request for a continuance and removal of GPS tracking; and (2) failure to disclose a direct statutory sentencing consequence in the written plea agreement. The Court will address each ground of Petitioner's Motion as follows.

### A. *Unconstitutional Search*

Petitioner alleges the Government tracked his cell phone, and his location, using a "cell-site simulator" known as a "Triggerfish" for several months before the Government obtained a warrant to conduct a wiretap on Petitioner's cell phone. His counsel, at the time, filed a motion to suppress the evidence obtained through the wiretap warrant, but did not seek to exclude any evidence on the basis of the use of a cell-site simulator. Petitioner argues his counsel was ineffective for failing to object to the illegal search. The Government asserts this device was not used to track Petitioner's movements.

To establish ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient and outside the range of reasonable assistance and (2) he was prejudiced by the deficiency and there is a reasonable probability the outcome would have been different but for his counsel's error. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Reasonable assistance includes adequate investigation, consideration of viable theories, and development of evidence. *Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007). Here,

4

Petitioner asserts his counsel should have moved to suppress evidence due to the illegal use of a cell-site simulator. However, he has not alleged any facts in support of this claim. In his reply, he states the record clearly contradicts the Government's denial of the use of this device, but he does not point the Court to where this contradiction is in the record.

Further, the application for a warrant to use a device which identifies a cell phone's number, subscriber information and other information, clearly states Petitioner's physical location will be determined and monitored by investigators and the device will only be used once an investigator has identified Petitioner is exposed to public view. Petitioner alleges no facts law enforcement acted contrary to the information contained in the application for the warrant. Petitioner's counsel is not ineffective for failing to advance a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Additionally, Petitioner has failed to allege but for his counsel's error in this regard, he would not have pled guilty and would have insisted on proceeding to trail. *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997). Therefore, this claim will be denied.

      B.     *False and Misleading Statements*

Petitioner alleges the Assistant United States Attorney ("AUSA") made false and misleading statements to the Court in two different instances. First, he states, in response to a request by Petitioner to remove his pre-trial location monitor, the AUSA falsely claimed removal of it would create safety concerns because of an unrelated murder. Additionally, he asserts the AUSA claimed this case was complex only to later state it was not complex. Petitioner argues this was prosecutorial misconduct and his counsel's failure to object to these statements was ineffective assistance of counsel.

Petitioner's claims are contradicted by the record. In the Government's response to Petitioner's motion to modify the conditions of his bond, the Government states it opposes the removal of Petitioner's location monitoring device, because earlier on the same day the motion to modify conditions was filed, the Government had disclosed the identity of cooperating witnesses. CD ECF No. 203. Therefore, the Government asserted it had significant concerns for the safety of cooperating witnesses if the device was removed. No mention was made of an unrelated murder.

In response to Petitioner's motion to continue the trial date, the Government did not assert this matter was not complex. CD ECF No. 202. The Government objected to the motion to continue, because it had recently disclosed the identity of cooperating witnesses and defense counsel was aware of the volume of evidence in the case and the upcoming trial date when he was hired by Petitioner.[2] CD ECF No. 202. There were no false or misleading statements to which Petitioner's counsel could object. Petitioner's claims for prosecutorial misconduct and ineffective assistance of counsel will be denied.

    C.    *Direct Statutory Sentencing Consequence*

Petitioner asserts the Government knowingly failed to disclose a direct statutory sentencing consequence in the written plea agreement and his defense counsel failed to object to the Government's failure to disclose. According to Petitioner, when on supervised release, he will be subject to "Notification" under 18 U.S.C. § 4042(b), which was not included in his

---

2 Petitioner was represented by three different attorneys throughout his criminal case. His first attorney represented him from the time of his arrest until August 14, 2015, when his second attorney entered his appearance as co-counsel. On December 14, 2015, Petitioner hired his third attorney to represent him, terminating representation of his prior attorneys.

6

written plea agreement. Petitioner argues the non-disclosure of this sentencing consequence renders his plea an unknowing and unintelligent choice.

The "Notification" requirement Petitioner references is the requirement in 18 U.S.C. § 4042(b) that when a prisoner changes his residence to a new jurisdiction, written notice shall be provided to the chief law enforcement officers of the state, tribal and local jurisdiction. This occurs when a prisoner is released from prison and when he changes residence to a new jurisdiction while on supervised release. *Id*. This is not a direct sentencing consequence needing disclosure at the time of the change of plea.

A defendant must be informed of the direct consequences of a guilty plea for the plea to be voluntary and intelligent. *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984). However, a defendant does not have to be informed of indirect or collateral consequences. *Id*. The difference between a direct consequence and a collateral consequence is "whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id*. (quoting *Cuthrell v. Dir., Patuxent Inst.*, 475 F.2d 11364, 1366 (4th Cir. 1973)). The requirement the Bureau of Prison or a probation officer inform law enforcement of Petitioner's change of residence to a new jurisdiction upon his release from prison or while on supervised release, is not a direct consequence. Therefore, there was no prosecutorial misconduct for not including it in the written plea agreement, nor was Petitioner's counsel ineffective for failing to request it be omitted from the plea agreement.

D. *The Court's Reference to the Sentencing Guidelines*

Petitioner argues his counsel was ineffective for failing to object to the Court making sentencing guideline calculations during the change of plea hearing when he had agreed to a 96-

7

month sentence. Petitioner claims the Court's continual reference to the guidelines was confusing and misleading because the sentence was not a guideline sentence. Therefore, according to Petitioner, he was unable to make an informed choice regarding his change of plea.

At a change of plea hearing, the Court is required to inform the defendant of, and make sure the defendant understands, the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures, and other sentencing factors under 18 U.S.C. § 3553(a). *See Fed. R. Crim. Pro.* 11(b)(1)(M); 18 U.S.C. § 3553(a)(4). In response to each of the Court's questions regarding the sentencing guidelines and their applicability in this situation, Petitioner responded he understood. His counsel is not ineffective for failing to make a meritless argument. *Rodriguez*, 17 F.3d at 226. This claim will be denied.

      *E.*     *Aggravating Role Enhancement*

Next, Petitioner argues his counsel was ineffective for failing to object to the aggravating role enhancement under United States Sentencing Guideline 3B1.1(b). The Government asserts Petitioner's leadership role was clearly established in his admission of the facts contained within the plea agreement, and he cannot show prejudice, because the parties agreed to a binding sentence.

In Petitioner's presentence report, it states his base offense level was 30. CD ECF No. 306. He received a two-level increase, because he was convicted under a conspiracy to violate 18 U.S.C. § 1956 and a three-level increase, because he was a manager or supervisor, but not an organizer or leader, and the criminal activity involved five or more participants. *Id*. He also received a three-level decrease for acceptance of responsibility. His total offense level was 32 and his criminal history category was I. His guideline range was 121 months to 151 months

imprisonment. Petitioner pled guilty to a binding sentence of 96 months, which the Court imposed. Clearly, Petitioner's three-level increase for being a manger or supervisor had no effect on his sentence. Therefore, he is unable to establish prejudice from his counsel's alleged failure to object to the increase.[3] This claim will be denied.

   F.  *Sentencing Disparity*

In Petitioner's final ground in his motion, he argues his counsel was ineffective for failing to object to the obvious sentencing disparity. In this claim, Petitioner asserts the calculated drug quantity, more than 1000 kilograms of marijuana, had no factual basis and he was forced to enter a plea, because he had no time to prepare for trial. Petitioner claims he was sentenced to more than twice the amount of imprisonment than the next highest co-defendant, resulting in an extreme sentencing disparity.

In the written plea agreement, which Petitioner signed, it states "The Defendant admits that the total quantity of marijuana that was reasonably foreseeable to him was at least 1000 kilograms." CD ECF No. 220. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Besides a blanket denial the calculated drug quantity attributable to him is incorrect, Petitioner has provided no other allegations in support of this claim. This simply is not enough to overcome his admission in the plea agreement, and in open court when he pled guilty to the facts alleged, that more than 1000 kilograms of marijuana was attributable to him.

Petitioner's claim his counsel was ineffective for failing to object to the obvious sentencing disparity also fails. The sentence Petitioner agreed to when he changed his plea to

---

[3] In finding Petitioner has failed to establish prejudice, the Court does not suggest Petitioner has established his counsel was ineffective for failing to object to the presentence report on this ground.

guilty is the sentence he received. Further, Petitioner has not included any allegations to support a sentencing disparity, such as characteristics of the other defendants or their roles in the crimes. "A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence." *United States v. Granados*, 962 F.2d 767, 774 (8th Cir. 1992). Petitioner has not successfully alleged his counsel was ineffective for failing to object to an alleged sentencing disparity.

Lastly, Petitioner was not forced to enter a plea of guilty because he did not have time to prepare for trial. Petitioner was informed of the January 2016 trial date in November 2015. Before Petitioner's third defense attorney entered the his appearance, the AUSA contacted him to inform him of the trial date and to notify him she would object to any motions to continue because cooperating witnesses had been disclosed. Petitioner's counsel indicated to the AUSA, he was aware of the trial date. Petitioner was not forced into pleading guilty as he had plenty of time to prepare for trial. This claim will be denied.

## V. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Randy A. Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

So Ordered this 14th day of March, 2017.

                                                   **E. RICHARD WEBBER**
                                                 **SENIOR UNITED STATES DISTRICT JUDGE**