UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-01911-ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed federal habeas matter is before the Court on Movant Randy Jones' ("Movant") *pro se* Motion to Reconsider (ECF No. 42). Movant asserts he previously submitted a motion under Fed. R. Civ. P. 60(b)(6) on February 25, 2019, which this Court construed as a successive motion under 28 U.S.C. § 2255, raising two new claims not alleged in his § 2255 motion. *See* ECF No. 41. Movant now claims the Court failed to address his first ground for federal habeas relief in Movant's original § 2255 motion pertaining to his claim that the government used a pen register for a cell-site simulator instead of obtaining a search warrant supported by probable cause. Movant requests the Court order the Respondent to file a response on whether they conducted a warrantless search using a "triggerfish" cell simulator because this ground was never ruled upon.

The Court notes this is Movant's third motion to reconsider the denial of Movant's original motion for relief under § 2255. A brief summary of the long procedural history of this case is helpful. On December 8, 2016, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and accompanying Memorandum in Support. (ECF Nos. 1, 2) After full briefing by the parties, the Court denied the § 2255

motion on March 14, 2017. (ECF No. 7) The Court addressed Movant's claims of ineffective assistance of counsel, including the claim that counsel failed to object to the Government's use of a cell-site simulator prior to receiving a warrant which constituted an illegal search in violation of the Fourth Amendment. (ECF No. 1 p. 5, No. 2 pp. 4-6, No. 7 pp. 3-5) The Court found Movant failed to allege facts in support of his claim, and counsel was not ineffective for failing to raise a meritless claim. (ECF No. 7 pp. 4-5)

On April 10, 2017, Movant filed a Notice of Appeal and Motion for Certificate of Appealability in the Eighth Circuit Court of Appeals. (ECF Nos. 12, 13) While the appeal was pending, Movant filed a Motion to Reconsider the denial of § 2255 relief in this Court on April 13, 2017. (ECF No. 18) The Respondent filed a response in opposition, and Movant filed a reply. (ECF Nos. 22, 24) Further, the Respondent filed a response to the Court's Order to Show Cause whether there was a discrepancy in the underlying criminal case between the date federal agents used the trap-and-trace device and the date they received court authorization through a pen register for the use of the device. (ECF. Nos. 23, 25) Respondent stated the alleged discrepancy, set forth in the government's disclosure of arguably suppressible evidence, was not a discrepancy but a typographical error. (ECF No. 25) Movant filed a reply to Respondent's response, claiming the trap-and-trace device, or Triggerfish, required a warrant, not a pen register order, to satisfy the Fourth Amendment. (ECF No. 26) The Court subsequently denied Movant's motion to reconsider on the basis that Movant's arguments could have been presented, and were presented, in his initial § 2255 motion and thus did not meet the criteria for reconsideration under either Fed. R. Civ. P. 59(e) or 60(b). (ECF No. 27 p. 2)

On appeal, the Eighth Circuit denied Movant's motion for a certificate of appealability based upon review of the district court record and dismissed the appeal. (ECF No. 29) The

Eighth Circuit also denied Movant's motion for rehearing *en banc* and two petitions for authorization to file a successive § 2255 motion. (ECF Nos. 31, 33, 38) Thereafter, Movant filed a motion to vacate the criminal judgment pursuant to Rule 60(b) on February 25, 2019. (ECF No. 40) The Court denied the motion on the basis that it sought to raise two new claims and was thus a second or successive habeas petition which required permission from the Eighth Circuit Court of Appeals prior to filing it. (ECF No. 41) Movant then filed the instant motion to reconsider, asserting that the Court never addressed Movant's first ground for § 2255 habeas relief, namely that the government used a pen register to authorize the use of a cell-site simulator, which instead required a search warrant supported by probable cause. (ECF No. 42)

As demonstrated by the procedural history set forth above, Movant's § 2255 habeas motion has been fully litigated. However, Movant continues to file motions in this Court insisting 1) the Court failed to address ground one of Movant's original § 2255 motion; and 2) the government conducted a warrantless search using a cell-site simulator.

At the outset, the Court notes Movant's present motion is "seeking to reopen a claim which had been raised in his initial habeas petition and decided by the district court." *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Thus, Court must deny the Rule 60(b) motion for lack of precertification to file a second or successive federal habeas motion. *Id.* at 1025. Movant's first ground raised a claim of ineffective assistance of counsel for failure to file a motion to suppress evidence obtained from the use of a cell-site simulator, which Movant contends was an illegal search. The Court found Movant failed to allege facts supporting this claim, and counsel was not ineffective.[1] Movant subsequently has filed several pleadings adding

---

[1] While not necessary to the disposition of Movant's motion to reconsider, the Court notes any argument regarding the alleged unlawfulness of the pen register would have been meritless. *See United States v. Woodson*, No. 4:16CR541AGF(SPM), 2018 WL 7150388, at *9–11 (E.D. Mo.

3

new facts and arguments. However, the Court fully considered and addressed the ineffective assistance of counsel claim in Movant's original § 2255 motion, and the Court will not reconsider the merits of that claim.

With respect to Movant's prolonged argument that the use of a cell-site simulator was unlawful because it was not obtained pursuant to a search warrant supported by probable cause, this claim was not properly before the Court in Movant's initial § 2255 motion, nor is it properly before this Court now. "A § 2255 motion is not a substitute for direct appeal; it is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)). Movant has been afforded all the benefits of seeking a remedy under § 2255, including appellate review. Therefore, the Court will once again deny Movant's Motion to Reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Randy Jones' *pro se* Motion to Reconsider (ECF No. 42) is **DENIED**.

Dated this 14th day of November, 2019.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

Nov. 21, 2018), *report and recommendation adopted*, No. 4:16CR541AGF(SPM), 2019 WL 398453 (E.D. Mo. Jan. 31, 2019) (denying defendants' motion to suppress evidence obtained from the use of a cell-site simulator authorized by a pen register). As previously stated in the Memorandum and Order denying Movant's § 2255 motion, counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel. *Rodriguez v. United States*, 17 F.3d 225, 226 (1994).